IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-50-RJC

| | |
|---|---|
| DONALD EUGENE STILES, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JIM SHICK, ) <br> JOANY BRIADSHAW, ) <br> ) <br> Defendants. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint[1] filed pursuant to 42 U.S.C. § 1983, and his Application to Proceed *in forma pauperis*. See 28 U.S.C. § 1915A(a).[2]

## I. BACKGROUND

According to his complaint, Plaintiff is detained in the Haywood County Jail on charges that are not disclosed by the complaint.[3] Plaintiff alleges that he has been asking for an Indian Bible since December 16, 2012 and one or more of the Defendants have refused to provide him with one. Defendant Shick explained that if Plaintiff's "people" would bring him a bible that he would make sure that Plaintiff received it, but that Schick could not buy one or furnish Plaintiff

---

[1] On March 13, 2013 Plaintiff filed an amended complaint which failed to raise any issues or include any parties not present in the instant case but simply re-states the original complaint and requests the same redress. Accordingly, this Court does not need to address the amended complaint with a separate order.

[2] First, the Court has examined Plaintiff's Application and finds that Plaintiff does not have sufficient funds from which to prepay fees or costs in this matter and his motion will therefore be allowed. (Doc. No. 2).

[3] According to the North Carolina Courts website, Plaintiff is awaiting disposition of some twenty-five charges that include, among others, felony first degree sex offense, felony indecent liberties with a child, and felony second degree exploitation of a minor.

1

with one. Plaintiff explains that because Haywood County Detention Center is federally funded, the defendants are bound to provide him with the bible. (Id. at 8).

Plaintiff contends that the combined action of the defendants is to deprive him of the free exercise of religion as guaranteed by the First Amendment. In his claim for relief, Plaintiff seeks $500,000 collectively from the two defendants.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). Upon review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Section 1983 does not provide for a set of substantive rights but instead provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." City of Monterrey v. Del Monte Dunes at Monterrey, Ltd., 526 U.S. 687, 749 n.9 (1999) (citing Baker v. McCollan, 443 U.S. 137, 144 n.3

(1979)). The 'Free Exercise Clause' of the First Amendment, applicable to the states through the due process clause of the Fourteenth Amendment, see Cantwell v. Connecticut, 310 U.S. 296, 303 (1940), "requires government respect for, and noninterference with, the religious beliefs and practices on our Nation's people." Cutter v. Wilkinson, 544 U.S. 709, 719 (2005). However, federal law "does not require a State to pay for an inmate's devotional accessories." Id. at 720 n.5. See, e.g., Kaufman v. Schneiter, 474 F. Supp. 2d 1014, 1026 (W.D. Wis. 2007) ("Prison officials are not required to locate, purchase or provide religious items for inmates . . . [t]hey are only required to refrain from interfering with an inmates' ability to locate, purchase and obtain such materials on their own.") (citing Lewis v. Sullivan, 279 F.3d 526, 528 (7th Cir. 2002) ("[T]here is no constitutional entitlement to subsidy.").

Plaintiff's complaint makes plain that he is not being denied the right to have his chosen bible, rather Plaintiff contends that the officials at the Haywood County Detention Center are violating his rights because they have the obligation to purchase his bible of choice. His complaint acknowledges that prison officials would provide him with the bible if his "people" provided one to the prison officials, and Plaintiff offers no allegations that prison officials are in any way impeding his access to contact people outside the prison to secure the bible. As case law demonstrates that the States have no obligation to provide Plaintiff with the bible of his choice and there are no allegations that defendants have refused him the right to seek it outside the prison, other than, perhaps the fact of his incarceration, his complaint must be dismissed.

For the reasons stated herein, Petitioner has failed to state a cognizable claim upon which relief may be granted and his complaint will therefore be dismissed.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

3

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs is **GRANTED**. (Doc. No. 2).

2. Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. (Doc. No. 1). 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is directed to close this case.

Signed: March 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge